UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
ABDOUL ROBINSON

                      Plaintiff,

                                              PLAINTIFF'S SECOND
         -against-                                 AMENDED COMPLAINT AND
                                              JURY DEMAND

THE CITY OF NEW YORK; OFFICER ARNOLD
HARBUS, SHIELD #12907; OFFICER BRIAN NEARY,     11-cv-01813 (ENV) (RML)
JOHN DOE #1-3

                   Defendants,                  ECF CASE
------------------------------------------------------------------------ x

Plaintiff Abdoul Robinson, by his attorneys, Stoll, Glickman & Bellina, LLP, for his complaint alleges as follows:

## **PRELIMINARY STATEMENT**

1. This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 for the violation of his Fourth and Fourteenth Amendment rights.

2. The claim arises from a November 3, 2010 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, assault, battery, false arrest, and false imprisonment.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## **JURISDICTION**

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the laws and Constitution of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4),

1367(a) and the doctrine of pendent jurisdiction.

6. The amount in controversy exceeds $75,000.00 excluding interest and costs.

## VENUE

7. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District.

## PARTIES

8. Plaintiff resided at all times here relevant in Bronx County, City and State of New York.

9. The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

10. Officer Arnold Harbus, Shield #12907 was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, Officer Harbus was involved in the assault committed against plaintiff and was under the command of the Queens Court Section of the NYPD. Defendant Harbus is sued in his individual capacity.

11. Officer Brian Neary was, at all times here relevant, a police officer of the NYPD, and

as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, Officer Neary was involved in the assault committed against plaintiff and was under the command of the Queens Court Section of the NYPD. Defendant Neary is sued in his individual capacity.

12. All other individual defendants ("the officers"), including John Doe #1-3, individuals whose names are currently unknown to plaintiff, are employees of the NYPD, and are sued in their individual capacities. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

13. On November 3, 2010, at approximately 1:50 AM plaintiff was being held in the custody of the NYPD in Queens Central Booking awaiting arraignment.

14. Plaintiff was placed in a cell alone while several other prisoners were placed in a cell together.

15. Plaintiff asked defendants why he was being treated differently than the other prisoners.

16. In response to his questioning, defendants entered plaintiff's cell and began assaulting him.

17. Defendants punched plaintiff until he fell to the ground. They then began to kick him.

18. During the assault one of the defendants wrapped handcuffs around his hand and punched plaintiff in the head with the handcuffs.

19. As a result of defendant's assault, plaintiff began bleeding from his head.

20. An ambulance was summoned for plaintiff and he was taken to the Emergency Room at Queens Hospital Center.

21. At the hospital plaintiff was diagnosed with a .5 centimeter laceration which was repaired with three staples.

22. Plaintiff also suffered numerous cuts and bruises.

23. In order to cover up the assault committed against plaintiff, defendants claimed that plaintiff assaulted defendant Harbus.

24. Defendants charged plaintiff with Assault in the 2nd and 3rd degree, Resisting arrest, and Harassment in the second degree.

25. These charges were brought against plaintiff even though defendants lacked probable cause to believe that any crime had been committed by plaintiff.

26. After making numerous court appearances, on December 22, 2011 plaintiff was granted an adjournment in contemplation of dismissal. All charges will be dismissed on June 21, 2012.

27. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

28. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## **DAMAGES**

29. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of

    his person;

b. Violation of his rights to Due Process of Law under the Fourteenth Amendments to the United Stated Constitution;

c. Physical pain and suffering:

d. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

e. Loss of liberty.

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983)

30. The above paragraphs are here incorporated by reference.

31. The defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983.

32. Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

33. Defendants assaulted and falsely arrested plaintiff and failed to intervene in each other's obviously illegal actions.

34. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

35. The above paragraphs are here incorporated by reference.

36. The City is liable for the damages suffered by plaintiff as a result of the conduct of their

employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.  The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

37.   The aforesaid event was not an isolated incident.  The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers.  Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

38.   For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected.  The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them.  In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that

officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

39. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

40. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

41. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal. Furthermore, although the City has been on notice, through plaintiff's

complaints to the IAB from the first day of the incidents complained of, the City has failed to remedy the wrong.

42. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

43. The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but have nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

## THIRD CAUSE OF ACTION
(CONSPIRACY)

44. The above paragraphs are here incorporated by reference.

45. Defendants agreed to violate the plaintiff's rights in the manner described above. Further defendants made an agreement to attempt to cover up the assault committed by defendants against plaintiff.

46. Defendants Neary took action in furtherance of this agreement by charging plaintiff with offenses described above. Further defendant Harbus took action in furtherance of this agreement by swearing to such facts as would allow Officer Neary to charge plaintiff with those offenses.

47. Plaintiff was injured as a result of defendants' conspiracy.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: May 4, 2012
Brooklyn, New York

Respectfully yours,

*[signature]*

By: Nicholas Mindicino, Esq.
Bar#: NM0437
Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
475 Atlantic Avenue
Brooklyn, NY  11217
P: (718) 852-3710
F: (718) 852-3586
NMindicino@stollglickman.com

TO: New York City
Corporation Counsel Office
ATTN: Rudy Ceres
100 Church Street, 4th floor
New York, NY  10007

Officer Arnold Harbus, Shield #12907
NYPD Queens Court Section
125-01 Queens Boulevard
Queens NY 11415

Officer Brian Neary
NYPD Queens Court Section
125-01 Queens Boulevard
Queens NY 11415